United States Court of Appeals

For the Eighth Circuit

_____

No. 22-1071
_____

United States of America

*Plaintiff - Appellee*

v.

Matthew Patrick Langenberg

*Defendant - Appellant*
_____

Appeal from United States District Court
for the Southern District of Iowa - Eastern
_____

Submitted: September 22, 2022
Filed: November 4, 2022
_____

Before COLLOTON, WOLLMAN, and STRAS, Circuit Judges.
_____

WOLLMAN, Circuit Judge.

Matthew Patrick Langenberg worked as a salesman at a retail flooring store. The company gave Langenberg a cell phone, which he was allowed to take home and use as a personal phone. After a co-worker alleged in 2020 that Langenberg had used the phone to record her, the company's co-owner Scott Storck asked Langenberg for the phone and its passcode. After Langenberg unlocked the phone and provided the passcode, Storck discovered images that he believed were child pornography. He

thereafter gave the phone and passcode to law enforcement officers, telling them that the company owned the phone.

Langenberg moved to suppress the evidence of child pornography which the officers had discovered on the phone. Following the district court's[1] denial of the motion, Langenberg pleaded guilty to receipt of child pornography in violation of 18 U.S.C. § 2252(a)(2), (b)(1), and was sentenced to 60 months' imprisonment.

Assuming without deciding that Langenberg has standing to challenge the officers' search of the cell phone, we conclude that Storck had apparent authority to consent to the search. "Apparent authority exists when the facts available to the officer at the moment . . . warrant a man of reasonable caution in the belief that the consenting party had authority over the premises." United States v. Lindsey, 702 F.3d 1092, 1096 (8th Cir. 2013) (internal quotation marks and citations omitted). Authority exists when a "third party has either (1) mutual use of the property by virtue of joint access, or (2) control for most purposes." United States v. Chavez Loya, 528 F.3d 546, 554 (8th Cir. 2008) (citation omitted).

When the officers searched the phone, they knew that Storck had possession of the phone, had access to its contents, had claimed ownership over it, and had searched the phone himself. It thus appeared that Storck had either joint access to the phone or control over it. Langenberg argues that the officers should have investigated further because neither possession nor ownership alone would have been sufficient to establish actual authority. Storck seemed to have both possession and ownership, however, as well as access to and use of the phone's contents. Officers at the time of the search were not aware of the other facts that allegedly call Storck's authority into question—that Langenberg claimed ownership of the phone, that he

---

[1]The Honorable John A. Jarvey, then Chief Judge, United States District Court for the Southern District of Iowa, now retired.

had requested its return, and that the receipt for the phone's alleged purchase did not match the phone that had been provided to police.

Quoting United States v. Basinski, Langenberg argues that because of the highly private nature of a cell phone, "it is less reasonable for a police officer to believe that a third party has full access" to it. 226 F.3d 829, 834 (7th Cir. 2000). Basinski involved a search of the defendant's locked briefcase, which a third party had in his possession. Officers knew that the defendant was the sole owner of the briefcase and its contents. The third party did not know the combination to the lock, but nonetheless had consented to the search. The Seventh Circuit held that the third party's mere possession of the briefcase, without a possessory interest in its contents or "access to, control over, or use of the interior of the case," was insufficient to create a reasonable belief that he had authority to consent. Basinski, 226 F.3d at 835. Unlike in Basinski, the officers here reasonably believed that Storck had authority to consent to the search of the phone that was in his possession, over which he had asserted ownership, and of which he had the passcode and access to its contents.

Because we find that Storck had apparent authority to consent to the search, we need not reach Langenberg's argument that the warrantless search constituted an unlawful trespass. Storck's apparent authority also defeats Langenberg's argument that the later search of his residence should be suppressed as fruit of the poisonous tree.

The judgment is affirmed.

_____

-3-